Peaesok, C. J.
 

 The fact that plaintiff united in the execution of the bill of sale with her husband and the trustee, was inoperative and of no effect, by reason of her coverture; consequently, at the 'death of her husband, she had a clear equity to convert Coburn into a trustee for her, on the ground that he purchased with notice.
 

 
 *384
 
 But her equity, as against Coburn and his personal representatives, is'barred'by'the statute of limitations, as her .suit was not commenced for’more than three years after "her right accrued, during which time they held the slaves adversely, and no fact is alleged to"bring her within the savings of the statute.
 

 The counsél for the plaintiff insisted that the case did not fall under the statute of limitations, but was embraced by the 19th section of the 65th chapter of the Revised Code, which raises a'presumption, after ten years, of an abandonment of a right of action, or’“any equitable interest or claim.”
 

 In this, he is mistaken. 'The distinction is this: where there is a statute of limitations at Law, which furnishes an analogy, a suit in Equity is'barred by it. If there be no statute, to furnish an analogy, the case then rests on" the statute raising a presumption; for example: a bill for a specific performance of a contract under seal rests on the statute raising a presumption, because there is no statute of limitations at law, to furnish an analogy. But, in our case, there is a statute of limitations, which not only bars an action at law, for a slave after three years adverse possession, but gives the adverse holder a good indefeasible title, and it falls within the principle of
 
 Taylor
 
 v. Dawson, 3 Jones’ Eq. 86, and
 
 Whitfield
 
 v. Hill, (ante 316,) where, in the case of land, seven years adverse possession under color of title, was held to be a bar to a bill in Equity, seeking to enforce a right in Equity to convert
 
 the
 
 party into a trustee.
 

 Pee. CuRIAm, The demurrer sustained and bill dismissed.